The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| COALITION TO PROTECT PUGET SOUND HABITAT, et al., | ) ) ) | Case No. 2:21-cv-1685-JCC |
|---|---|---|
| Plaintiffs, | ) ) ) | ORDER GRANTING JOINT MOTION FOR A SCHEDULING ORDER |
| v. | ) ) ) | |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., | ) ) ) | |
| Defendants. | ) ) | |

The matter arises under the Joint Motion filed by Defendants, United States Army Corps of Engineers, *et al.,* and Plaintiffs Coalition to Protect Puget Sound Habitat, *et al.,* to set a schedule regarding the administrative records for judicial review in the above-captioned case. The Joint Motion (ECF No. 24) is GRANTED. The schedule is as follows:

**CASE MANAGEMENT SCHEDULE**

a. Schedule for the Corps to produce and file the administrative records for Judicial Review in Five Phases:

| Event | Date |
|---|---|
| Phase 1: The Corps will file its certified administrative records for NWP 48 and the Regional Conditions for Seattle District (Re Nationwide Permits) with the Court and provide Plaintiffs with a complete copy of those documents. | July 8, 2022 -OR- If a motion to dismiss is filed, 60 |

ORDER GRANTING JOINT MOTION FOR A
SCHEDULING ORDER
Case No. 2:21-cv-1685-JCC

1

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-0881

| | |
|---|---|
| | days from a ruling on that motion, whichever is later |
| Phase 2: The Corps will file its certified administrative records for no less than 108 LOPs with the Court and provide Plaintiffs with a complete copy of those documents. | 120 days after the Corps files the administrative records described in Phase 1 -OR- If a motion to dismiss is filed, 60 days from a ruling on that motion, whichever is later |
| Phase 3: The Corps will file its certified administrative records for no less than 108 LOPs with the Court and provide Plaintiffs with a complete copy of those documents. | 90 days after the Corps files the administrative records for the LOPs described in Phase 2 above |
| Phase 4: The Corps will file its certified administrative records for no less than 108 LOPs with the Court and provide Plaintiffs with a complete copy of those documents. | 90 days after the Corps files the administrative records for the LOPs described in Phase 3 above |
| Phase 5: The Corps will file its certified administrative records for the last of the 424 LOPs with the Court and provide Plaintiffs with a complete copy of those documents. | 90 days after the Corps files the administrative records for the LOPs described in Phase 4 above |

  b. Procedure for resolving any disputes among the Parties regarding the contents of the administrative records for NWP 48 and Regional Conditions for Seattle District (Re Nationwide Permits) (Phase 1):

| Event | Date |
|---|---|
| Plaintiffs will identify and communicate to the Corps any issues regarding the completeness of, or disputing, the Corps' certified | 45 days after the Corps files the |

| | |
|---|---|
| administrative records for NWP 48 and the Regional Conditions for Seattle District (Re Nationwide Permits) and/or any requests for the admission of extra-record evidence.  Plaintiffs will provide the Corps with copies of any materials they have or had access to and which they seek to include in the administrative record or to admit as extra-record evidence. Subject to part d. below, Plaintiffs will also identify any documents, beyond those in the Corps' certified administrative records for the NWP 48 and Regional Conditions for Seattle District (Re Nationwide Permits), that they propose should be considered as part of the adjudication of the ESA claim. | administrative records for NWP 48 and the Regional Conditions for Seattle District |
| For all issues the Parties cannot resolve without adjudication regarding the Corps' certified administrative records for NWP 48 and the Regional Conditions for Seattle District (Re Nationwide Permits), Plaintiffs will file a motion (1) challenging the contents of those records, and/or  (2) seeking to admit extra-record evidence.  If the Parties cannot resolve disputes regarding documents Plaintiffs proposed for consideration by the Court in adjudicating the ESA claim, Plaintiffs' referenced motion will request that these documents be considered by the Court during the subsequent merits adjudication of the ESA claim. | 90 days after the Corps files the administrative records for NWP 48 and the Regional Conditions for Seattle District |
| Deadline for the Corps to respond to any administrative record related motion. | 4 weeks from the date the motion is filed |
| Deadline for Plaintiffs to reply. | 3 weeks from the date the Corps' response is filed |

c.  Procedure for resolving any disputes among the Parties regarding the contents of the administrative records filed by the Corps for the four phases of LOPs (Phases 2, 3, 4, and 5):

| Event | Date |
|---|---|
| Plaintiffs will identify and communicate to the Corps any issues regarding the completeness of, or disputing, the Corps' certified administrative records for the four phases of LOPs and/or any requests for the admission of extra-record evidence.  Plaintiffs will provide the Corps with copies of any materials they have or had access to and which they seek to include in the administrative record or to admit as extra-record evidence. | 45 Days after the Corps files the certified administrative record for the last of the 424 LOPs (Phase 5) |
| For all issues the Parties cannot resolve without adjudication regarding the Corps' certified administrative records for the three phases of LOPs, Plaintiffs will file a motion challenging the contents of those records and/or seeking to admit extra-record evidence. | 90 days after the Corps files the certified administrative records for the last |

| | |
|---|---|
| | of the 424 LOPs (Phase 5) |
| Deadline for the Corps to respond to any administrative record related Motion. | 4 weeks from the date the motion is filed |
| Deadline for Plaintiffs to reply. | 3 weeks from the date the Corps' response is filed |

      d.      Procedure for resolving disputes regarding documents for consideration by the Court upon adjudicating the ESA clams:

Unless previously resolved through the procedures in part b. above, before the Parties propose a schedule for briefing motions for summary judgment on the ESA claim, (1) Plaintiffs will identify any documents, beyond those that the Court previously ruled are to be included as part of the administrative records for the NWP 48 and Regional Conditions for Seattle District (Re Nationwide Permits) or that the Court will consider as extra-record evidence, that they propose should be considered as part of the adjudication of the ESA claim; and (2) if the Parties cannot resolve disputes regarding such documents Plaintiffs propose for consideration by the Court in adjudicating the ESA claim, Defendants will file a motion to resolve any such disputes. The parties agree that summary judgment briefing on the ESA claim should be deferred or stayed until after the Court resolves any dispute regarding documents Plaintiffs propose for consideration by the Court in adjudicating the ESA claim.

Dated this 11th day of July, 2022

David W. Christel
United States Magistrate Judge

Presented by:

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

/s/   David Kaplan
DAVID KAPLAN
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-0997
David.Kaplan@usdoj.gov

AMANDA M. STONER
MD Bar No. 2012180040
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044
T: (202) 598-0881
F: (202) 305-0275
Amanda.Stoner@usdoj.gov

MARK ARTHUR BROWN
Wildlife and Marine Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 305-0204
mark.brown@usdoj.gov

*Attorneys for U.S. Army Corps of Engineers et al.*

/s/  Karl Anuta
Karl G. Anuta (WSB No. 21346)
Law Office of Karl G. Anuta, P.C.
735 SW 1st Ave., 2nd Floor
Portland, OR 97204
(503) 827-0320
kga@integra.net

ORDER GRANTING JOINT MOTION FOR A
SCHEDULING ORDER
Case No. 2:21-cv-1685-JCC

5

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-0881

*Attorney for Plaintiff Coalition to Protect Puget Sound Habitat*

<u>/s/Amy van Saunt</u>
George A. Kimbrell (WSB No. 36050)
Amy van Saun (pro hac vice)
Center for Food Safety
2009 NE Alberta Street, Suite 207
(971) 271-7372
gkimbrell@centerforfoodsafety.org
avansaun@centerforfoodsafety.org

*Attorneys for Plaintiff Center for Food Safety*

ORDER GRANTING JOINT MOTION FOR A
SCHEDULING ORDER
Case No. 2:21-cv-1685-JCC

6

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-0881