UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COALITION TO PROTECT PUGET SOUND HABITAT, et al.,

Plaintiffs,

v.

U.S. ARMY CORPS OF ENGINEERS, et al.,

Defendants.

CASE NO. 2:21-CV-1685-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: December 23, 2022

Presently before the Court is Defendant U.S. Army Corp of Engineers' ("the Corps") Motion to Dismiss the Fifth Claim for Relief in Plaintiffs' Second Amended Complaint. Dkt. 27.[1] After consideration of the relevant record, the Court concludes claim five is impermissible under the Administrative Procedure Act and, thus, this Court lacks subject matter jurisdiction over claim five. Accordingly, the Court recommends the Motion to Dismiss (Dkt. 27) be granted and claim five be dismissed.

[1] The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 11.

**I. Background**

Plaintiffs Coalition to Protect Puget Sound Habitat and Center for Food Safety initiated this lawsuit under the Administrative Procedure Act ("APA"). *See* Dkts. 1, 22. Specifically, Plaintiffs are challenging nationwide permit 48 ("NWP 48") issued by the Corps under the Clean Water Act ("CWA") and the Rivers and Harbors Act ("RHA") as it applies to Washington State. *See* Dkt 22; *see also* Dkt. 24. Plaintiffs contend the Corps failed to comply with the National Environmental Policy Act ("NEPA"), the CWA, and the Endangered Species Act ("ESA"). Dkt. 22. Additionally, Plaintiffs challenge the Corps' alleged pattern and practice of issuing individual permits called "letters of permission" ("LOPs") under the RHA. *See* Dkt. 22; *see also* Dkt. 24.

On July 25, 2022, the Corps filed the Motion to Dismiss asserting only that the APA does not authorize the type of broad programmatic challenge Plaintiffs assert in claim five. Dkt. 27. On October 10, 2022, Plaintiffs filed their Response. Dkt. 35. The Corps filed its Reply on October 14, 2022. Dkt. 38. In addition, on September 8, 2022, Taylor Shellfish Company filed an *amicus curiae* brief. Dkt. 34.[2]

**II. Standard of Review**

A motion to dismiss under Rule 12(b)(1) of the Federal Rule of Civil Procedure addresses the court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). Federal courts possess only that power authorized by United States Constitution and statute, which is not to be expanded by judicial decree. *Id.* The burden of establishing the subject matter jurisdiction rests upon the party asserting jurisdiction. *Id.* When considering a motion to dismiss pursuant to Rule

[2] The parties did not request oral argument. *See* Dkts. 27, 32. Further, the Court has reviewed the record and finds oral argument is not necessary.

12(b)(1), the Court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988).

**III. Discussion**

In claim five of the Second Amended Complaint, Plaintiffs allege "the Corps continues an unlawful pattern and practice of issuing LOPs for shellfish aquaculture operations in jurisdictional waters without properly considering their impacts . . ." Dkt. 22, ¶ 172. Plaintiffs assert they will be harmed by the Corps' unlawful pattern and practice, exemplified by over 400 LOPs, if the Court does not grant declaratory and/or injunctive relief. *Id*. The Corps moves to dismiss claim five asserting claim five is impermissible under the APA and, thus, the Court lacks subject matter jurisdiction over this claim. Dkt. 27.[3]

In support of the Motion to Dismiss, the Corps primarily relies on *Lujan v. National Wildlife Fed'n,* 497 U.S. 871 (1990). *See* Dkt. 27. In *Lujan*, the Supreme Court held a defendant "cannot seek *wholesale* improvement of [a] program by court decree, rather than in the offices of the [agency] or the halls of Congress, where programmatic improvements are normally made. Under the terms of the APA, respondent must direct its attack against some particular 'agency action' that causes it harm." *Lujan,* 497 U.S. at 891 (emphasis in original). The Court went on to explain that:

> a regulation is not ordinarily considered the type of agency action 'ripe' for judicial review under the APA until the scope of the controversy has been reduced to more manageable proportions, and its factual components fleshed out, by some concrete

---

[3] The Corps moved to dismiss claim five only on the basis that Plaintiffs' claim five is an impermissible programmatic attack. Dkt. 27. Thus, at issue is not whether Plaintiffs could challenge a specific LOP, but whether the Second Amended Complaint challenges a "pattern or practice." In their Response, Plaintiffs contend, in addition to arguing they are not challenging a program, that (1) they have stated a claim that is sufficiently specific, (2) they have standing; and (3) claim five is ripe. Dkt. 35. As the Corps has not asserted claim five should be dismissed for these additional reasons, the Court declines to consider the additional arguments presented by Plaintiffs.

> action applying the regulation to the claimant's situation in a fashion that harms or threatens to harm him.

*Id*. In *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004), the Supreme Court affirmed this principle, explaining:

> a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take. These limitations rule out several kinds of challenges. The limitation to discrete agency action precludes the kind of broad programmatic attack we rejected in *Lujan v. Nat'l Wildlife Fed'n* .... There we considered a challenge to [the Bureau of Land Management's] land withdrawal review program, couched as unlawful agency "action" that the plaintiffs wished to have "set aside" under § 706(2). We concluded that the program was not an "agency action"....

542 U.S. at 64 (citations omitted).

Plaintiffs argue they may properly bring their claim under the APA because they are challenging specific final agency actions related to the LOPs in this geographic area. Dkt. 35 at 22-24. Plaintiffs contend *Lujan* and its progeny do not apply to their claim because *Lujan* applies to programmatic challenges, whereas, the instant claim involves over 400 specific LOPs and the Corps' unlawful pattern and practice of issuing similar LOPs. *Id*.; *see also* Dkt. 22. Plaintiffs state it was more efficient to include the "pattern and practice" language, rather than amend the complaint each time the Corps issued an additional LOP. Dkt. 35 at 14.

Plaintiffs contend the Corps is issuing LOPs in violation of the law and the Corps' regulations and state:

> The Corps continues an unlawful pattern and practice of issuing LOPs for shellfish aquaculture operations in jurisdictional waters without properly considering their impacts, including whether impacts would be minor, whether there would be cumulative impacts, and whether there would likely be any appreciable public opposition, in violation of the Rivers and Harbors Act, and which is arbitrary, capricious, an abuse of discretion, not in accordance with law, and without observance of procedures required by law, 33 U.S.C. § 403, its implementing regulations, and the APA. 5 U.S.C. §§ 701–706. Plaintiffs' interests are and will continue to be harmed by this unlawful pattern and practice, which is exemplified

> by the over 400 LOPs directly challenged here and without declaratory and/or injunctive relief, the Corps will continue this unlawful practice.

Dkt. 22 at ¶ 173.

In the Second Amended Complaint, Plaintiffs are seeking Court action to stop the Corps' practice related to all LOPs. *Id*. The Second Amended Complaint states the 400+ LOPs Plaintiffs are directly challenging simply exemplify the "unlawful pattern and practice." *Id*. Moreover, Plaintiffs state "it would be more efficient to include [the pattern and practice] language, rather than continue to amend the Complaint whenever the Corps issued additional LOPs in the future," indicating Plaintiffs are challenging the Corps' continuing operations. Dkt. 35 at 14. Thus, Plaintiffs ask this Court to look beyond a specific agency decision or LOP and order the Corps to stop an allegedly "unlawful practice."

The Court is precluded by *Lujan* from ordering such action. Under *Lujan*, this Court does not have jurisdiction to hear "pattern and practice claims" regarding how an agency conducts its business on a system-wide level. *See Inst. for Wildlife Prot. v. Norton*, 337 F. Supp. 2d 1223, 1229 (W.D. Wash. 2004). Plaintiffs may direct their attacks against a particular agency action,

> [b]ut it is at least entirely certain that the flaws in the entire 'program'—consisting principally of the many individual actions referenced in the complaint, and presumably actions yet to be taken as well—cannot be laid before the courts for wholesale correction under the APA, simply because one of them that is ripe for review adversely affects one of respondent's members.

*Lujan*, 497 U.S. at 892-93. Plaintiffs' general assertion that the Corps has issued 400+ LOPs, demonstrating the Corps' unlawful actions does not save claim five. Plaintiffs cannot obtain review of *all* the Corps' actions pertaining to LOPs simply by stating the Corps has issued 400+ unlawful LOPs and may continue to issue more unlawful LOPs in the future. Plaintiffs have not adequately identified the LOPs or stated what actions the Corps took as to each of the 400+

LOPs that was unlawful.[4] "Plaintiffs either must identify a particular action by [the Corps] that they wish to challenge under the APA, or they must pursue their remedies before the agency or in Congress." *Whitewater Draw Nat. Res. Conservation Dist. v. Mayorkas*, 5 F.4th 997, 1012 (9th Cir. 2021), *cert. denied*, 211 L. Ed. 2d 402 (2021).

As Plaintiffs ask this Court to look beyond a specific agency decision and review the Corps' day-to-day operations of issuing LOPs, the Court lacks subject matter jurisdiction over claim five. *See Mayorkas*, 5 F.4th at 1012 (finding the plaintiffs' list of eighty plus actions taken by the Department of Homeland Security ("DHS") to implement "programs" was a challenge to continuing operations of DHS and indistinguishable from the broad programmatic attack at issue in *Lujan*); *Defs. of Wildlife v. Flowers*, 2003 WL 22143270, at *1 (D. Ariz. Aug. 18, 2003), *aff'd*, 414 F.3d 1066 (9th Cir. 2005) (dismissing a claim for lack of subject matter jurisdiction where the claim was clearly a challenge that sought a general judicial review of the Corps' day-to-day operations of administering its permitting authorities and that a mere recitation of specific permits did not allow the plaintiffs to bypass the final agency action requirement of the APA in order to challenge the Corps' administration of its CWA authorities.).

## IV. Conclusion

For the above stated reasons, this Court lacks subject matter jurisdiction over claim five. Accordingly, the Court recommends the Corps' Motion to Dismiss (Dkt. 27) be granted and claim five be dismissed.

---

[4] In the Second Amended Complaint, Plaintiffs state the LOPs are identified in "Exhibit A;" however, Plaintiffs failed to attach any exhibits to the Second Amended Complaint. *See* Dkt. 22. While Plaintiffs attached a list of LOPs to the First Amended Complaint (Dkt. 17-1), Plaintiffs' Second Amended Complaint completely replaced the First Amended Complaint. As Plaintiffs do not include an attachment to the Second Amended Complaint and do not reference Dkt. 17-1 in the Second Amended Complaint, the Court finds Plaintiffs have not identified any LOPs. Regardless, the Court's recommendation would not change if a list of LOPs was attached to the Second Amended Complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on December 23, 2022, as noted in the caption.

Dated this 6th day of December, 2022.

David W. Christel
United States Magistrate Judge