THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COALITION TO PROTECT PUGET SOUND HABITAT, *et al.*,<br><br>  Plaintiffs,<br>  v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>  Defendants. | CASE NO. C21-1685-JCC-DWC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' objections (Dkt. No. 40) to the report and recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. No. 39). Having thoroughly considered the R&R, the briefing, the relevant record, and finding oral argument unnecessary, the Court OVERRULES Plaintiff's objections, ADOPTS the R&R, and GRANTS Defendants' motion to dismiss claim five of Plaintiffs' complaint (Dkt. No. 27) for the reasons explained herein.

I.  BACKGROUND

The R&R sets forth the facts and procedural history of this case, which the Court will not repeat here. (*See* Dkt. No. 40 at 2.) In the R&R, Judge Christel recommended that the Court grant Defendants' motion to dismiss claim five of Plaintiffs' Second Amended Complaint. (Dkt. No. 39.) Plaintiffs object, arguing Judge Christel improperly concluded this Court lacks subject

matter jurisdiction over that claim. (Dkt. No. 40.) The Court OVERRULES Plaintiffs' objection and ADOPTS the R&R in full for the reasons stated below.

## II. DISCUSSION

### A. Legal Standard

A district court reviews *de novo* the portions of an R&R to which a party properly objects. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with further instructions. *Id.* Objections must enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

### B. Plaintiffs' Objections

Plaintiffs argue Judge Christel incorrectly concluded claim five must be dismissed because it is an impermissible programmatic attack against an agency practice. (Dkt. No. 40 at 6.) Specifically, Plaintiffs suggest that claim five does not challenge *all* LOPs issued by Defendant, rather, only Defendants' decision to issue LOPs *instead* of individual permits. (Dkt. No. 40 at 6.)

But this contention is entirely absent from the complaint. (*See generally* Dkt. No. 22 at 51–54.) In claim five, Plaintiffs challenge Defendants' "unlawful pattern and practice of issuing LOPs [letters of permission] for shellfish aquaculture operations . . . ." (Dkt. No. 22 at 54.) Judge Christel properly concluded Plaintiffs' request is precluded by *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990), because they ask this Court "to look beyond a specific agency decision or LOP and order the Corps to stop an allegedly 'unlawful practice'" (Dkt. No. 39 at 5.) Under *Lujan*, this Court does not have jurisdiction to hear "pattern and practice claims" that challenge how an agency conducts its business on a system-wide level. *Lujan*, 497 U.S. at 892.

Although Plaintiffs attempt to recharacterize their claim as challenging a specific agency action, claim five clearly challenges Defendant's "unlawful pattern and practice" of issuing

LOPs to certain aquaculture operations. (Dkt. No. 22 at 54.) On this basis, Judge Christel properly declined to consider Plaintiffs' reframing of the issue, because it does not appear in the complaint.

In the alternative, Plaintiffs ask for leave to amend the complaint to either remove ambiguous language or to challenge individual LOPs issued by Defendants. (Dkt. No. 40 at 8–9.) However, under the local rules a party who moves for leave to amend must attach a copy of the proposed amended pleading as an exhibit to the motion. LCR 15. This allows the Court to view the proposed amendments in deciding whether to grant leave to amend. If Plaintiffs wish to amend their complaint, they should move for leave to amend, following the procedures set forth in Local Rule 15.

Accordingly, the Court FINDS Judge Christel did not err in recommending dismissal of Plaintiffs' claim five for lack of subject matter jurisdiction.

### III. CONCLUSION

Based on the foregoing reasons, the Court finds and ORDERS:

1. The Court OVERRULES Plaintiff's objections (Dkt. No. 40) and APPROVES and ADOPTS Judge Christel's Report and Recommendation (Dkt. No. 39).
2. The Court GRANTS Defendant's motion to dismiss claim five of the Second Amended Complaint (Dkt. No. 27). The claim is DISMISSED without prejudice.
3. The Clerk is DIRECTED to send a copy of this order to Judge Christel and to the parties.

Dated this 13th day of February, 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE