1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

| | |
|---|---|
| COALITION TO PROTECT PUGET SOUND HABITAT, et al., | CASE NO. 2:21-CV-1685-JCC-DWC |
| Plaintiffs, | ORDER ON MOTION TO INTERVENE |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, et al., | |
| Defendants. | |

15

16        Presently before the Court is a Motion to Intervene filed by Hama Hama Company

17    ("Hama Hama"), Westcott Bay Shellfish Company, LLC ("Westcott Bay Shellfish"), and

18    Brady's Oysters, Inc. ("Brady's Oysters"), Washington companies (collectively, the

19    "Applicants"). Dkt. 56. [1] The Applicants seek to intervene as of right as defendants under

20    Federal Rule of Civil Procedure ("Rule") 24(a), or in the alternative, permissively under Rule

21    24(b). *Id*. The Coalition to Protect Puget Sound Habitat and the Center for Food Safety

22    ("Plaintiffs") filed a response. Dkt. 63. Applicants filed a reply which included a motion to strike

23

24        [1] The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 11.

1   Plaintiffs' response as untimely.[2] Dkt. 65. Counsel for Defendants indicated the U.S. Army

2   Corps of Engineers ("Army Corps") does not oppose Applicants' requested relief. Dkt. 56, p 2.

3   After consideration of the relevant record, the Motion to Intervene (Dkt. 56) is granted.

4   **I.       Background**

5          The Plaintiffs allege the Army Corps violated the National Environmental Policy Act

6   ("NEPA"), Rivers and Harbors Act ("RHA"), and Administrative Procedure Act ("APA") in

7   issuing Letters of Permission ("LOPs") for shellfish aquaculture operations throughout

8   Washington State. Dkt. 51 at 49-56. In its first claim for relief, Plaintiffs seek to vacate, set aside,

9   or remand over 500 already-issued LOPs, including those identified in Exhibit A which include

10  LOPs issued to the Applicants. Dkt. 51 at 49-53. The second claim for relief challenges the

11  Army Corps' decision to issue LOPs to operations previously authorized under Nationwide

12  Permit (NWP) 48 without completing necessary review or public notice. Dkt. 51 at 53-56.

13  **II.      Discussion**

14         The Applicants seek to intervene to defend the legality of the Army Corps' issuance of

15  the LOPs and intend to file a motion to dismiss under Rule 12(b) prior to the Defendants'

16  deadline to file an answer. Dkt. 56. Plaintiffs do not oppose Applicants' motion to intervene

17  regarding the first claim for relief. *See* Dkt. 63 at 5. However, Plaintiffs request the Court impose

18  reasonable restrictions on Applicants' participation. *Id.*

19         Under Federal Rule of Civil Procedure 24(a)(2), "[o]n timely motion, the court must

20  permit anyone to intervene who . . . claims an interest relating to the property or transaction that

21  is the subject of the action, and is so situated that disposing of the action may as a practical

22

23  _____

24  [2] Under LCR 7(d), Plaintiffs' response was due December 18, 2023, but was untimely filed on December 20, 2023. The Court has considered the Response and will expect full compliance with the local rules.

matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Thus, an applicant is entitled to intervention as of right upon a four-part showing: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). "In general, courts construe Rule 24(a) liberally in favor of potential intervenors." *Ctr. for Biological Diversity v. United States Env't Prot. Agency*, 2009 WL 10727789, at *2 (W.D. Wash. Oct. 5, 2009) (citing *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995)).

Plaintiffs do not dispute that Applicants meet all the criteria for intervention as a matter of right or permissive intervention; rather they contend the principles of judicial economy weigh in favor of limiting Applicants' participation. Dkt. 63 at 6.

The Ninth Circuit has recognized that "as a general rule, intervenors are permitted to litigate fully once admitted to a suit." *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1304 (9th Cir.1997) (citation omitted). "Further, other courts have noted that 'the Federal Rules do not anticipate limited, 'special status' intervenors' who do not wish to participate fully in the litigation, and therefore such motions for limited intervention 'are looked upon with disfavor.'" *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, No. CIV. 12-00064 LEK, 2012 WL 425183, at *2 (D. Haw. Feb. 9, 2012) (quoting *New York News Inc. v. Newspaper & Mail*

*Deliverers' Union of New York,* 139 F .R.D. 291, 293 (S.D.N.Y.1991)). However, the Court

may, in its discretion, impose conditions on intervention.

> Rule 24(a)(1) does not expressly provide for the imposition of conditions, but the Advisory Committee notes to the 1966 Amendment to FRCP 24 provides that "[a]n intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed.R.Civ.P. 24, 1966 advisory committee notes. Indeed, courts may impose reasonable limitations on the participation of intervenors as of right to *ensure the efficient adjudication of the litigation.*

*United States v. City & Cnty. of Honolulu*, 2007 WL 4800670, at *2 (D. Haw. Nov. 21, 2007),

*report and recommendation adopted*, 2007 WL 4800686 (D. Haw. Dec. 12, 2007) (emphasis in

original).

Plaintiffs seek to limit Applicants intervention only to the first claim (the only claim

which Plaintiffs contend challenges the Applicants' five LOPs) and require Applicants to: (a) file

joint briefs to avoid duplication, inefficiency, and undue burden on the Court's and the parties'

resources; (b) confine their arguments to the claims regarding their five specific LOPs; (c) not

duplicate any arguments made by the Defendants; and (d) must meet and confer with the

Defendants to avoid making any duplicative or overlapping arguments. Dkt. 63.

As Applicants have satisfied all the requirements under Rule 24(a) to intervene as a

matter of right, the only question is whether the Court should impose restrictions on Applicants'

participation. The Court finds the fair and prompt resolution of this case does not require

imposing restrictions on Applicants' participation. Both claims in the Third Amended Complaint

challenge the LOPs issued to the Applicants. Dkt. 51 ¶¶ 140-154, 155-162. The First Claim

challenges each of the LOPs in Exhibit A and all five of the Applicants' LOPs are referenced in

Exhibit A. The Second Claim also impacts the Applicants' LOPs through a challenge to the

Army Corps' decision to issue LOPs to operations previously authorized under NWP 48 without

completing necessary review or public notice. While Plaintiffs do not specifically challenge the

LOPs issued to the Applicants in the Second Claim, Plaintiffs seek an injunction to "enjoin the

[Army] Corps from continuing to issue LOPs for work in jurisdictional waters." Dkt. 51 at 55, ¶

4. As the LOPs are critical to the ongoing operation of their business, the Applicants have a

direct interest in contesting the relief sought under the Second Claim. Thus, the Court will not

impose a restriction that confines Applicants arguments to the claims regarding their five specific

LOPs under the First Claim. The Court notes, however, that the Applicants cannot enlarge the

pending issues.

The Court will also not impose any of the other proposed restrictions. The restriction that

Applicants "and any future permittees that participate in this case" file joint briefs is not

reasonable as it is impossible to predict what other parties might seek to intervene. The Court can

address any appropriate limitations when any such future motion to intervene is presented.  With

regard to the proposed restriction to avoid duplicative arguments made by the Defendants and to

meet and confer with Federal Defendants prior to filing deadlines, the Court also declines to

impose this restriction. As Applicants and Federal Defendants may have different perspectives

on the same arguments they will each want to address, some duplication is likely.  But the "meet

and confer" restriction Plaintiffs propose is more restrictive than courts have imposed to achieve

coordination. See, e.g., *Def. of Wildlife v. U.S. Fish and Wildlife Serv.*, Nos. 21-cv-00344-JSW,

21-cv-00349-JSW, 21-cv-00561-JSW, 2012 WL 4552144, at *4 (N.D. Cal. May 3, 2021)

(requiring intervenors to "endeavor in good faith to avoid duplicative briefing of matters already

covered in Federal Defendants' briefs").

The Court recognizes the need to ensure the efficient adjudication of this case. As such,

the parties are directed to make good faith efforts to agree to procedures that will allow efficient

litigation of this case. The parties are further directed to meet and confer regarding whether the Scheduling Order (Dkt. 26) should be amended to incorporate a staggered briefing schedule for dispositive motions. If so, the parties are directed to submit a stipulated motion to amend the Scheduling Order.

### III.      Conclusion

For the above stated reasons, the Motion to Intervene (Dkt. 56) is granted and Hama Hama Company, Westcott Bay Shellfish Company, LLC, and Brady's Oysters, Inc. shall be added as intervening defendants.

The Court also directs the Clerk to ensure the docket correctly reflects that Hama Hama Company, Westcott Bay Shellfish Company, LLC, and Brady's Oysters, Inc. are intervening defendants in this matter.

Dated this 10th day of January, 2024.

David W. Christel
Chief United States Magistrate Judge